IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES E. McGRIGGS,

    Petitioner,

v.                                                               No. 1:19-cv-01222-JDB-jay

BERT C. BOYD,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, James E. McGriggs, has filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254 (Docket Entry ("D.E.") 2), which Respondent, Bert C. Boyd,[1] has moved to dismiss as untimely (D.E. 12). For the following reasons, the motion is GRANTED.

BACKGROUND

In July 2008, McGriggs was convicted by a McNairy County, Tennessee, jury of aggravated rape, aggravated kidnapping, aggravated burglary, and aggravated robbery involving an eighty-year-old female victim. (D.E. 11-1 at PageID 54-57.) *See State v. McGriggs*, No. W2008-02411-CCA-R3-CD, 2009 WL 2615816, at *1, 4 (Tenn. Crim. App. Aug. 24, 2009). An effective sentence of thirty-five years' imprisonment was imposed. (D.E. 11-1 at PageID 54-57.) *See McGriggs*, 2009 WL 2615816, at *1. On August 24, 2009, the Tennessee Court of Criminal Appeals affirmed the judgments of conviction. *McGriggs*, 2009 WL 2615816, at *5. The Tennessee Supreme Court denied discretionary review on February 22, 2010. (D.E. 11-8.)

---

[1] The Clerk is DIRECTED to substitute Bert C. Boyd for Georgia Crowell as Respondent. *See* Fed. R. Civ. P. 25(d).

Nine years later, on March 8, 2019, McGriggs filed a state post-conviction petition (D.E. 11-9), which the trial court denied as untimely (D.E. 11-10). No appeal was taken.

DISCUSSION

Petitioner signed and placed the Petition in the prison mail system on April 21, 2019.[2] (D.E. 2 at PageID 21.) Respondent thereafter filed the state court record (D.E. 11) and a motion to dismiss the Petition as untimely (D.E. 12). Petitioner replied, arguing that the Petition is properly before the Court. (D.E. 14.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270-72, 276 (1988) (adopting mailbox rule for federal pro se prisoner filings).

2

pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and "only be applied in the extraordinary case." *Id.* at 321 (internal quotation marks omitted).

In this matter, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. McGriggs appealed his convictions to the Tennessee Supreme Court, but he did not appeal to the United States Supreme Court. His convictions thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."). Permission to appeal was denied on February 22, 2010, and ninety days from that date was Monday May 24, 2010. The

3

federal limitations period expired one year later, on May 24, 2011.[3] *See Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir. 1997) (a one-year limitations period generally "ends on the same calendar date the following year"). The Petition, filed April 21, 2019, is therefore untimely by more than seven years and ten months.

The inmate acknowledges that the Petition is untimely. (D.E. 2 at PageID 20.) He insists, however, that he is entitled to equitable tolling because he "depended upon an attorney who[] claimed to have filed various appeals, but instead allowed the time-statute to elapse[.]" (*Id.*)

The argument is unavailing. Petitioner does not explain what appeals his attorney failed to file, or how the alleged failures caused him to submit his *federal* Petition more than seven years after his direct appeal was concluded. What is more, nothing in McGrigg's submissions shows that he exercised reasonable diligence in following up with his lawyer. *See Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) ("While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update, this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here.").

The inmate also asserts in his reply brief that he is in possession of "newly discovered evidence" which has "not [been] presented at 'any hearing phase or trial phase.'" (D.E. 14 at PageID 444.) He submits that "[t]here was and is proof by way of DNA evidence that will prove

---

[3]The federal limitations period was not tolled during the pendency of Petitioner's state court post-conviction proceeding, as it expired long before that case was initiated. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (the federal statutory tolling provision, 28 U.S.C. § 2244(d)(2), "does not . . . 'revive' the limitations period . . . , [but] can only serve to pause a clock that has not yet fully run").

there was no penetration/or [b]odily fluids that will connect the [P]etitioner to the offense of [a]ggravated [r]ape." (*Id.* at PageID 443 (internal quotation mark omitted).) The Court construes the allegations as McGrigg's attempt to present a gateway claim of actual innocence to overcome his untimely filing.

The gateway claim is not plausible. Most basically, Petitioner has failed to provide any details regarding the alleged DNA evidence—such as the date the evidence was obtained, what the results of the testing specifically showed, and who provided the results. The evidence, therefore, cannot be regarded as new proof of his innocence. In addition, he does not deny that he provided a detailed confession to the police which included his admission that he penetrated the victim. (*See* D.E. 11-3 at PageID 365-66.) Thus, he has failed to pass through the narrow gateway of actual innocence.

For these reasons, the Petition is DISMISSED as untimely.

APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition

5

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 28th day of January 2020.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.